MEMORANDUM **
An administrative law judge (“ALJ”) denied the disability insurance benefits that Jose Hernandez sought, and that denial was upheld by the district court. Because substantial evidence supports the ALJ’s decision, and that decision was free from legal error, we affirm. See Bayliss v. Barnhart, 427 F.3d 1211, 1214 n. 1 (9th Cir.2005) (“We may reverse the ALJ’s decision to deny benefits only if it is based upon legal error or is not supported by substantial evidence.”).
Substantial evidence supports the ALJ’s determination that Hernandez’s last insured date to qualify for benefits was June 30, 1997, a date prior to his alleged onset of disability. Hernandez was inconsistent in describing his employment with Subcontractors of Mexico,[1] and the ALJ gave Hernandez ample opportunity to explain those inconsistencies and clarify his relationship with Subcontractors. The ALJ was not required to credit a prior inconsistent statement instead, or to further develop the record, as Hernandez argues. The ALJ resolved Hernandez’s conflicting statements at the second hearing by carefully inquiring into the nature of Hernandez’s work for Subcontractors, and even allowed Hernandez time off the record to consult with his attorney before testifying further. After that consultation, Hernandez again testified that his 1996 and 1997 reported earnings were not actu *312 ally his; throughout the second hearing Hernandez was unambiguous and adamant that he had nothing to do with the company. This was all the development of the record that was required. See Tonape-tyan v. Halter, 242 F.3d 1144, 1147-48, 1150-51 (9th Cir.2001) (ALJ not required to give complainant opportunity to explain inconsistencies where unambiguous evidence supports credibility determination). The ALJ reasonably believed Hernandez’s last statement, made under oath, that he earned no wages in 1996 or 1997. There was no error, therefore, in determining that the last date that Hernandez was insured occurred before he allegedly became disabled. See Morgan v. Sullivan, 945 F.2d 1079, 1080 (9th Cir.1991) (claimant must establish disability prior to his last insured date for benefits).
Contrary to Hernandez’s other assertion, the ALJ was not biased against him. The ALJ cited specific, convincing reasons in support of his findings that Hernandez was “a totally unreliable witness,” and that Hernandez’s testimony at the second hearing, made under oath, in accordance with his wife’s letter, and against his own interests, was accurate. The ALJ’s statement at that hearing that Hernandez had committed a fraud was merely a reaction to the admission of filing false tax returns. The final denial of insurance benefits was premised only on the fact that Hernandez earned no wages of his own in 1996 or 1997, establishing his last insured date as June 30,1997.
For these reasons, the judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The Work History Report in Hernandez's application for benefits stated that he was a "quality control advisor” for Subcontractors from 1995 to 1998, working sixty hours per week, supervising six to eight people, checking the assembly line, unloading inventory, and packaging shipments. Then, in the first hearing before the ALJ, Hernandez stated that he supervised the assembly line until the middle of 1997, and that his reported income in 1996 and 1997 consisted of wages from Subcontractors. At the second hearing before the ALJ, Hernandez submitted a letter from his wife, stating that Hernandez was "president of [Subcontractors] in name only, and on the condition that he would make no decisions or perform any work in the company.” The letter also stated that Hernandez "loan[ed] his name and social security number in order to open" the company. At that hearing, Hernandez testified that he did not work for the company, did not receive wages or any other kind of payment, was not involved in the company’s business, and was president in name only. When asked to explain where the money came from that was reported as income for 1996 and 1997, Hernandez stated that it was actually his wife's income, but that he reported it as his. He stated that he had no wages of his own for those two years. Finally, after the second hearing, Hernandez wrote a letter to the ALJ contradicting his testimony at the second hearing and asking that the ALJ disregard his statements that he had nothing to do with Subcontractors.